# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 25-287V

| | |
|---|---|
| HEATHER CAMACHO,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: November 21, 2025 |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On February 18, 2025, Heather Camacho filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following the receipt of a tetanus-diphtheria-acellular pertussis vaccine administered on December 6, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 15, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On November 21, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $45,851.54 (comprised of $45,000 for pain and suffering and $851.54 for unreimbursable expenses). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

proffered award. *Id*. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $45,851.54 (comprised of $45,000.00 for pain and suffering and $851.54 for unreimbursable expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HEATHER CAMACHO,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | No. 25-287V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

On February 18, 2025, Heather Camacho ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended* ("Act"). She alleges that she sustained a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following receipt of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on December 6, 2023. *See* Petition at 1. On August 15, 2025, the Secretary of Health and Human Services ("respondent") filed his Vaccine Rule 4(c) report, concluding that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. *See* ECF No. 14. The same day, Chief Special Master Corcoran issued a ruling on entitlement, finding petitioner entitled to compensation for a SIRVA Table injury. *See* ECF No. 15.

**I.**     **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

Pain and Suffering

Respondent proffers that petitioner should be awarded **$45,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$851.54**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of **$45,851.54** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Heather Camacho.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

2

3

                                TRACI R. PATTON
                                Assistant Director
                                Torts Branch, Civil Division

*/s/ Lauren Kells*
LAUREN KELLS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4187
lauren.kells@usdoj.gov

DATED:  November 21, 2025